IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| EDWARD CHARLES WRIGHT, | ) | |
| | ) | |
| ADC # 83302 | ) | **Case No. 5:10-CV-00159 JMM-JTK** |
|     Petitioner, | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|     Respondent. | ) | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Edward Wright on May 27, 2010. (Doc. No. 2). A response was filed by Respondent Ray Hobbs on June 21, 2010. (Doc. No. 6). Petitioner did not exercise his right to file a reply. (Doc. No. 10). After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

Petitioner was convicted of two counts of first degree terroristic threatening, one count of breaking and entering, and one count of theft of property in the Pulaski County (Arkansas) Circuit Court. He was sentenced as a habitual offender to 540 months in the Arkansas Department of Correction (ADC), and the Judgment and Commitment Order was entered on July

8, 2002.[1]  Petitioner subsequently filed a direct appeal arguing that the trial court erred by 1) allowing the state to change the name of the victim in one of the terroristic threatening charges and 2) permitting introduction of testimony concerning unrelated vehicle break-ins.  The Arkansas Court of Appeals affirmed the lower court's decision on February 19, 2003. *Wright v. State*, CACR 02-419, 2003 WL 356650 (Ark. App. Feb. 19, 2003).  The Court of Appeals issued a mandate on March 11, 2003. (Resp't's Ex. 2, at 5, Doc. No. 6).  Petitioner indicates that he filed several appeals with the Arkansas Supreme Court alleging double jeopardy violations and attacking the sufficiency of evidence, but the Court is only aware of approximately eight different requests for free copies of the trial transcript. (Pet'r's Pet. 2-4, Doc. No. 2; Resp't's Ex. 2, at 5).

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following grounds: 1) there was insufficient evidence to support the verdict; 2) he was tried in violation of the Double Jeopardy Clause; 3) the Arkansas Supreme Court failed to consider his intoxication at the time of his terroristic threats; 4) he did not receive copies of the transcript, despite his indigence and ineffective assistance of counsel; and 5) ineffective assistance of counsel.  However, the merits of these claims will not be addressed because Petitioner's claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[2]

---

[1] Petitioner pled guilty to failure to appear on January 22, 2002, and was sentenced as a habitual offender to 120 concurrent months.  Petitioner does not challenge this conviction in the present action.

[2] The Court would note that Petitioner's claims are also procedurally-barred because he either failed to raise them in state court or failed to complete the appeals process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The starting date for limitations purposes was March 11, 2003, the date the mandate was issued by the Arkansas Court of Appeals, because Petitioner did not seek discretionary review from the Arkansas Supreme Court. Thus, Petitioner was required to file his federal habeas petition by or before March 11, 2004.[3] Petitioner did not file the current petition until May 27, 2010. Other than Petitioner's recitation of the statutory exceptions that fails to provide any explanation (Pet. 13-14), there is no indication that any of the statutory exceptions to the one-year period of limitation would apply to Petitioner's claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

---

[3] Although there is no apparent basis for concluding that Petitioner's eight motions for transcripts tolled the limitations period in any way, the Court notes that there was a four-year gap between his fifth and sixth motions during which the limitations period would have expired.

SO ORDERED this 9th day of April, 2012.

_____
United States Magistrate Judge